IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DERRICK L WALKER,

    Plaintiff,
v.                                            CASE NO. 1:19-cv-212-MW-GRJ

THOMAS EATON, et al.,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* initiated this case by filing a complaint, ECF No. 1, a motion for leave to proceed *in forma pauperis,* ECF No. 2, and a motion for permission for electronic case filing, ECF No. 3. The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915, governing proceedings *in forma pauperis*. Because the Court finds that the Complaint is due to be dismissed as frivolous, leave to proceed as a pauper will be granted for the limited purpose of dismissing this case.

Plaintiff's claims stem from apparent disputes with various private individuals regarding Plaintiff's residency at Oaks Condominiums. The named Defendants are Thomas Eaton, identified as the owner of Guardian Association Management; Miriam Wolf, the President of Oaks Condominium Association; Scott Arvin, of Matchmaker Realty; Kenyatta

Hagan, with the Gainesville Association of Realtors; Cortez Cheatam; Jermaine Collins; and attorney Peter Focks.  Plaintiff conclusionally alleges that defendants engaged in a "civil conspiracy" against him, initiated vexatious litigation, and made "fraudulent" complaints to the police about him.  Plaintiff claims that he was "loved by everyone in the neighborhood" until he decided to become an owner which would allow him to "clean up the business of HOA fees going up" while property values declined. Plaintiff disputes the manner in which the HOA board was elected.  He alleges that Defendants Eaton and Focks secured an *ex parte* injunction in state court based on "false claims" by Hagan, Cheatam, and Collins, and that Eaton and the HOA "initiated a fraudulent lien claim" against Plaintiff's residence. Plaintiff contends that the defendants engaged in a "non-stop campaign of harassment" against him. He complains that Hagan and Cheatam entertained guests in a manner that violated their lease terms, and that his complaints were ignored.  Plaintiff complains that defendant Eaton failed to adequately address repairs to Plaintiff's apartment. He claims that defendant Collins threatened his life, spat on his dog and threatened to kick her, and engaged in a pattern of harassment, following which Cheatam filed a false police report. Plaintiff conclusionally alleges that defendants' actions interfered with his civil rights and that "defendants discriminated against the Plaintiff outright".  ECF No. 1 at 7-10.  For relief, Plaintiff seeks

compensatory and punitive damages.  *Id.* at 11.

Pursuant to 28 U.S.C § 1915(e), the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C § 1915(e).  An action is frivolous or malicious where the allegations are clearly baseless, fanciful, fantastic, delusions, or without an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325–28 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

The Court must liberally construe a *pro se* Plaintiff's allegations.  *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*).*

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes.  *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).  A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint.  *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994).

Even liberally construed, the allegations of the Complaint are insufficient to establish a basis for the exercise of federal subject matter jurisdiction. Plaintiff's allegations reflect garden-variety disputes involving his tenancy and/or ownership at Oaks Condominium and alleged wrongdoing by HOA members, neighbors, and other persons involved in such disputes. There are no factual allegations that would support a federally-cognizable discrimination or conspiracy claim.

To the extent that Plaintiff is attempting to assert a claim for violations of civil rights under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986). If a plaintiff cannot satisfy these requirements or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *Id.* at 737-38.

There are no factual allegations suggesting that any of the named Defendants are "state actors" for purposes of liability under § 1983. Only in rare circumstances may a private party be viewed as a state actor for

purposes of liability under § 1983.  To hold that private parties are state actors, this Court must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).  *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).  Plaintiff's allegations do not establish that his claims could satisfy any of these tests.

In sum, Plaintiff's claims lack any federally-cognizable basis in fact or law.  The Court therefore concludes that this case is frivolous. Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a).  Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  371 U.S. at 182.   The Court concludes that amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the lack of any factual basis that would support a claim under § 1983 or any other federal law. *Gary v. U.S. Gov't*, 540 F. App'x 916, 918 (11th Cir. 2013).

The Court notes that Plaintiff has recently filed several cases in this Court and has been granted permission to utilize electronic filing in some cases.  *See, e.g., Walker v. Progressive Select Ins. Co.,* Case No. 1:19-cv-182-AW-GRJ, ECF No. 8.  Plaintiff has been warned that his motion for permission to utilize electronic filing is subject to reconsideration by the Court if the Court finds that Plaintiff is abusing the privilege.  *Id.*  Plaintiff is further **WARNED** that the filing of frivolous lawsuits will result in the imposition of sanctions, which could include monetary sanctions as well as withdrawal of permission to participate in electronic filing.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED.**  Plaintiff's motion for leave to utilize electronic filing in this case, ECF No. 3, is **DENIED.**

It is respectfully **RECOMMENDED** that this case be dismissed for lack of subject matter jurisdiction and as frivolous.

**IN CHAMBERS** this 29th day of October 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.